[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR A NEW TRIAL
This case is a medical malpractice cause of action brought by the plaintiff that was tried to a jury. The jury, on October 16, 2001, returned a verdict in favor of the defendant.
The plaintiff has filed a Motion for a New Trial pursuant to Connecticut Practice Book § 16-35 requesting that this court set aside the verdict returned by the jury and order a new trial. The basis of the plaintiff's motion is that defense counsel, in his closing argument to the jury, made malicious, derogatory and prejudicial remarks to the jury about the plaintiff's counsel's conduct in pursuing the plaintiff's claim to trial.
This court heard argument on the Plaintiff's motion and objection thereto by the defendant. The court heard the original closing arguments and rebuttal, and charged the jury accordingly. The court has had an opportunity to review the transcript of the defendant's closing argument, the plaintiff's rebuttal, the court's charge to the jury, as well as, the case law cited by the parties in their briefs and arguments to the court. C,
The test for setting aside a verdict was set forth in Foley v.Huntington Company, 42 Conn. App. 712, 724-25 (1996):
 The setting aside of a verdict can occur, therefore, for two general reasons. First, a trial court may set aside a verdict on a finding that the verdict is manifestly unjust because the jury, on the basis of the evidence presented, mistakenly applied a legal principle or because there is no evidence to which the legal principles of the case can be applied. Maroun v. Tarro, 35 Conn. App. 391, 646 A.2d 251, cert. denied, 231 Conn. 926, 648 A.2d 164
CT Page 15941-hn (1994). Second, a verdict may be set aside if its result justifies a suspicion that a juror or jurors were influenced by prejudice, corruption or partiality. A trial court's review of a motion to set aside a verdict, therefore, will focus on one or both of the two tests.
The court in Murray v. Taylor, 65 Conn. App. 300, 306 (2001), further expounded as follows:
 Where a claim is made that remarks by opposing counsel jeopardized a party's right to a fair trial, "[a] verdict should be set aside if there has been manifest injury to a litigant, and it is singularly the trial court's function to assess when such injury has been done since it is only that court which can appraise the atmosphere prevailing in the courtroom. . . . The trial judge has discretion as to the latitude of the statements of counsel made during argument." (Citations omitted.) Yeske v. Avon Old Farms School, Inc., 1 Conn. App. 195, 205, 470 A.2d 705 (1984).
This case took six days to try to conclusion. Plaintiff's attorneys and defendant's attorney both competently and professionally represented their respective client's throughout the trial. There were no contentious or derogatory comments made by counsel towards each other during the presentation of the evidence. The only occasion where counsel did become contentious towards each other was during the defendant's closing argument and the plaintiff's rebuttal to the defendant's closing. It was unfortunate that the trial, which was so well presented by both counsel, digressed at the very end.
If plaintiff's counsel felt, however, that the defendant's counsel's comments in closing argument were prejudicial, tasteless or malicious, he failed to timely object to those comments and failed to request a curative instruction to those comments. In fact, even after the court's charge to the jury, the plaintiff was offered, through defendant's counsel, an opportunity to provide the jury with a further curative charge for the court to give the jury regarding the closing arguments, but the plaintiff's counsel refused this offer.
In this court's review of Rizzo Pool Co. v. DelGrosso, 232 Conn. 666
(1995) and Murray v. Taylor, 65 Conn. App. 300 (2001), the courts' CT Page 15941-ho analysis in both cases focused on whether the comments made by opposing counsel qualified as tasteless, flagrantly prejudicial or malicious and were so extreme as to deprive the other party of a fair trial in the absence of a timely objection or request for a curative instruction.
 We, of course, do not condone comments by counsel that go beyond the bounds of forceful advocacy. As we have previously observed, however, the trial court was in the best position to assess the possible prejudice, if any, that may have resulted from counsel's comments, and to fashion an appropriate remedy from a range of possible alternatives. See Pisel v. Stamford Hospital, 180 Conn. 314, 322, 430 A.2d 217 (1975); Butler v. Steck, 146 Conn. 114, 119, 148 A.2d 246 (1959); see also Yeske v. Avon Old Farms School, Inc., 1 Conn. App. 195, 204-205, 470 A.2d 705 (1984). The defendants were obliged, therefore, to raise in the trial court their objections to counsel's improper remarks. Because they failed to do so, the defendants are entitled to a new trial only if they can demonstrate that such relief is necessary to remedy a manifest injustice. See Hennessy v. Metropolitan Life Ins. Co., 74 Conn. 699, 710, 52 A. 490
(1902).
Rizzo Pool Co. v. DelGrosso, supra, 687-688; see also, Murray v. Taylor,
supra, 315.
This court concludes that the defendant's counsel's comments in his closing argument, although unnecessarily made, do not rise to the level of being tasteless, flagrantly prejudicial or malicious. The court concludes that no manifest injustice arose as a result of the comments that would be remedied by a new trial.
The court finally concludes that the plaintiff was not deprived of her right to a fair trial, particularly in view of the evidence presented by the parties and the charge given the jury by the court. Therefore, the plaintiff's motion for a new trial is denied.
Agati, J. CT Page 15941-hp